UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WARREN EASTERLING,

    Plaintiff,

v.

Case No. 3:17-cv-328
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

JEFFERSON SESSIONS,
*et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Jefferson Session's Motion to Dismiss for Lack of Jurisdiction (ECF No. 14), Defendant Judge Thomas Rose's Motion to Dismiss for Failure to State a Claim (ECF No. 15), and Plaintiff Warren Easterling's Memorandum in Opposition. (ECF No. 18.) For the reasons that follow, both Motions are **GRANTED**. As a result, Plaintiff's Motion for Injunctive Relief, Motion to Amend, and Motion for Summary Judgment are **DISMISSED**.

### I.

Plaintiff Warren Easterling ("Plaintiff"), proceeding without counsel, brings suit against the United States Attorney General Jefferson Sessions ("Sessions") in his official capacity and the Honorable Thomas Rose ("Judge Rose", together "Defendants"), alleging that Defendants conspired to interfere with his civil rights when Judge Rose granted a motion to dismiss his complaint against Sessions in a previous lawsuit. (*See* Compl. at 2, 4, ECF No. 1.)

On August 29, 2017, Judge Rose adopted a Report and Recommendation granting defendant United States Attorney General Loretta Lynch's motion to dismiss in case number 3:16-cv-375, *Easterling v. Lynch*.[1] Plaintiff never sought direct appeal from dismissal, but rather filed the instant action. Plaintiff now asserts that dismissal of his complaint constituted "obstructing justice and deprivation [stet] of rights granted to all persons by conspiracy where this filing of the meritless moot motion and the subsequent granting of this motion was a cooperative effort between the Defendants." (*Id.* at 4.) Plaintiff then asserts that Sessions "as defendant in case 3:16 cv 375 [sic], is a beneficiary of the illegal act and the motion to dismiss was filed on his behalf . . . ." (*Id.*)

## II.

Defendants bring the Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of jurisdiction and failure to state a claim..

### 1. Rule 12(b)(1) of the Federal Rules of Civil Procedure

Dismissal pursuant to Rule 12(b)(1) may be warranted if a party brings a claim in federal court that does not satisfy statutory or constitutional jurisdiction requirements. In considering a motion to dismiss pursuant to Rule 12(b)(1), the Court must construe all allegations in the Complaint in favor of plaintiff, "which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). However, plaintiff shoulders the burden of proving jurisdiction in order to survive the motion.

---

[1] The Court notes that Easterling is a frequent *pro se* litigator in the Southern District of Ohio and in Ohio state courts. *See, e.g., Easterling v. Crawford*, No. 3:13-cv-430, 2014 WL 667638, at *4 (S.D. Ohio Feb. 20, 2014), (recommending that, because "Easterling has repeatedly abused the privilege of proceeding *in forma pauperis* in this Court, he should be barred from doing so without the prior written authorization of the Chief Judge"); *Easterling v. Crawford*, No. 3:14-cv-226, 2014 WL 5803029, at *2 (S.D. Ohio Nov. 7, 2014) (noting in late 2014 that Easterling had filed "fourteen cases in the last two years[,]" many of which he had "attempted in one way or another to have this Court interfere with, enjoin, or reverse a state court judgment").

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

## 2. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Rule 12(b)(6) is an avenue by which defendants can challenge, as a matter of law, whether a plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In considering a Rule 12(b)(6) motion to dismiss, the Court must construe the Complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

The Court must nonetheless read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the pleader is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 908 (S.D. Ohio 2013). Therefore, the factual allegations set forth in the Complaint, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Thus, while Plaintiff is not required to set forth detailed factual allegations at the pleading stage, the Complaint must contain some basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Id.* at 679; Fed. R. Civ. P. 8(a).

Moreover, the Court must "liberally construe *pro se* complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). At the same time, however, such "lenient treatment has limits" and the Court "should not have to guess at the nature of the claim asserted . . ." *Id.* at 977 (internal quotations omitted).

3

## III.

First, Plaintiff brings suit against Sessions in his official capacity as United States Attorney General. Sessions moves to dismiss Plaintiff's Complaint for lack of jurisdiction. (Mot. to Dismiss at 3, ECF No. 14.)

The United States, as sovereign, is immune from suit unless it consents to be sued, and the terms of its consent define a court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued.") Sovereign immunity extends to federal officials sued in their official capacity. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (affirming dismissal of suit against federal agency because federal sovereign immunity "extends to agencies of the United States" and "[t]he federal question jurisdictional statute is not a general waiver of sovereign immunity").. A plaintiff bears the burden of identifying a waiver of sovereign immunity in order to proceed with a claim against a federal official. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

Plaintiff has not identified a waiver of sovereign immunity applicable to his claim. 42 U.S.C. § 1985 does not provide a statutory waiver. *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007) (affirming grant of summary judgment to federal officers on all claims against them in their official capacity, including a claim under § 1985, on sovereign immunity grounds). Nor is the *Bivens* doctrine, as Plaintiff claims, a waiver for official-capacity suits. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115–16 (6th Cir. 1988). Absent such waiver this Court lacks subject matter jurisdiction over Plaintiff's claims against Sessions. Accordingly, Session's Motion to Dismiss is **GRANTED**.

Plaintiff also brings suit against United States District Judge Rose for actions performed in his judicial capacity. Judge Rose moves to dismiss Plaintiff's claim as barred by the doctrine of judicial immunity. As the United States Supreme Court observed, "[f]ew doctrines were more solidly established as common law than the immunity of judges from liability for acts committed within their judicial jurisdiction." *Cleavinger v. Sarner*, 47 4 U.S. 193, 199 (1985) (quoting *Pierson v. Ray*,386 U.S. 547, 55–54 (1967)). Judicial immunity provides absolute immunity from suit for Judges. This Immunity is only overcome in two limited circumstances. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). The circumstances are as follows: "[f]irst, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) (citing *Mireless*, 502 U.S. at 11–12). Ruling on a motion to dismiss is a function normally performed by a judge; thus it is within a judge's jurisdiction and official capacity.

At best, Plaintiff's assertion that Judge Rose acted outside of his judicial capacity can be best understood where he states:

> Defendants can prove no basis upon which a motion to dismiss filed on May 30, 2017 would be heard by the court prior to an un-opposed motion for summary judgment filed on November 10, 2016 except to obstruct justice and deprive one of rights, leaving the first ripe motion for summary judgment unheard by the court.

(Compl at 2.) Judge Rose's determination of how to rule on motions before him is a function within his judicial capacity. Thus, Plaintiff does not plausibly allege that Judge Rose's ruling meets either exception to judicial immunity.

Accordingly, Judge Rose is immune from suit and his Motion to Dismiss is **GRANTED**. (ECF No. 15.)

## IV.

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**. (ECF Nos. 14, 15). Plaintiff's Motion for Injunctive Relief (ECF No. 7), Motion to Amend[2] (ECF No. 9), and Motion for Summary Judgement (ECF No. 16) are **DISMISSED as MOOT**. The clerk is directed to enter judgment for Defendants.

**IT IS SO ORDERED.**

9-21-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's Motion to Amend merely adds additional allegations against Judge Rose stemming from Judge Rose granting a separate motion to dismiss and thus fails to remedy the insufficiency of his initial Complaint. (ECF No. 9-2.)